IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | JOINTLY ADMINISTERED |
| MARCO A. CANTU and | § | CASE NO.  08-70260-M-7 |
| ROXANNE CANTU and | § | CASE NO.  08-70261-M-7 |
| MAR-ROX, INC. | § | |
| Debtors | § | CHAPTER 7 |

**TRUSTEE'S MOTION FOR TURNOVER OF DEBTOR'S PORTION OF FEES
FROM SETTLEMENT PROCEEDS TO SATISFY UNPAID SANCTION ORDER**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.  REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MOTION ON _____ AT _____ O'CLOCK IN COURTROOM _____.**

COMES NOW, Michael B. Schmidt, Trustee of the above styled and numbered Bankruptcy Estate, ("Trustee") and files this Motion for Turrnover of Debtor's Portion of Fees From Settlement Proceeds to Satisfy Unpaid Sanction Order against Debtor Mark Cantu as follows:

1.      Debtor Mark A. Cantu ('Cantu") filed a Chapter 11 Bankruptcy Petition on May 6, 2008.  The case was converted on June 24, 2009 and the Trustee was duly appointed as the Ch 7 Trustee.

2.      Cantu continued to pursue a frivolous suit before Bankruptcy Judge Isgur in Adversary 09-0711 and was repeatedly sanctioned in that proceeding for his conduct.  Judge Isgur awarded the Trustee attorneys fees as a Sanction against Cantu in the amount of $2,345.00, to be paid within 15 days from entry of the order on December 3, 2009 (See Doc. #35).  Additionally, on a separate occasion, Judge Isgur awarded the Trustee attorney's fees $6,781.61 and ordered that Cantu pay it within 15 days from entry of that Order on December 29, 2009.  (See Doc #39).  Cantu has

1

wholly failed to pay those ordered sanction to the Trustee.  Furthermore, Cantu was again sanctioned on March 31, 2010 by J. Isgur and Ordered to pay the Trustee's legal fee in the amount of $1,500.00 (See Doc. #42 and #46).  Cantu has not complied with any of those sanction orders.  All four of Judge Isgur's sanction orders are attached hereto as **Exhibit "A".**

3.     Cantu admitted to not having satisfied these sanction orders during at his Denial of Discharge Trial in August of 2010, and he also stated that intended to "work something out with the Trustee" (but has never actually even attempted to do so).  Cantu has done nothing to satisfy the Court Ordered sanctions owed to the Trustee in the amount of $10,626.61 (the "sanctions") and they remain outstanding.

4.     As part of his duties, the Trustee necessarily monitors Cantu's pre-conversion contingency fee cases in which the estate has an interest in the fees.  Additionally, the Trustee has been and intends to continue monitoring Cantu's post-conversion contingency fee cases at least until all sanctions are satisfied.  As a result the Trustee has discovered that Cantu has appeared at a settlement hearing and has an interest in a significant personal injury case out of Webb County, Texas, styled *Guerra, et al*, v. *Ramirez, et al,* 341st Judicial Court District Court, Cause No.2010CUE-000680-03.

5.     The Trustee is filing this motion for turnover seeking a bankruptcy court order for turnover by Cantu of a portion of those settlement proceeds from that case attributable to Cantu's fees in order to satisfy the $10,626.61 in Court-ordered sanctions owed to the Trustee.

6.     WHEREFORE, Trustee prays that this Court grant his Motion as hereinabove requested.  Trustee prays for general relief.

Respectfully submitted:

Law Offices of Michael B. Schmidt

By:     /S/KEVIN HANNA
        Michael B. Schmidt / Kevin P. Hanna
        555 N. Carancahua Ste. 1550
        Corpus Christi, TX 78401
        E-mail: m_schmid@swbell.net
                k_hanna@swbell.net
        Phone: (361) 884-9949
        Fax: (361) 884-6000
        TBN: 17775200 / 00784206
        Fed. ID No. 10260 / 17125
        ATTORNEYS FOR CHAPTER 7 TRUSTEE

2

<u>CERTIFICATE OF SERVICE</u>

     I do hereby certify that on the 12th day of October, 2010, I served a copy of the forgoing Motion by electronic mail or by regular mail to the persons on the attached list.

                      <u>/S/KEVIN HANNA</u>
                      Kevin P. Hanna

Jose E. Garcia
4322 N. McColl
McAllen, TX 78504

Armando J. Marroquin
2720 W. Canton Rd., Ste. A
Edinburg, TX 78539

Mark A. Cantu
801 W. Nolana, Ste. 320
McAllen, TX 78504

J. E. Cullens, Jr.
12345 Perkins Road, Bldg. 1
Baton Rouge, LA 70810

Howard P. Elliott, Jr.]1278 Tara Blvd
Baton Rouge, LA 70806

Philip Bohrer
8712 Jefferson, Ste. B
Baton Rouge, LA 70809

Hallmark County Mutual Insurance Company
PO Box 250209
Plano, TX 75025

Matthew W. Tierney
1737 Oakdale Dr.
Baton Rouge, LA 70810

David T. Butler, Jr.
329 St. Ferdinand
Baton Rouge, LA 70802

John Skaggs
PO Box Drawer 2285
McAllen, TX 78502

Robert Moran
101 W. Hillside, Ste. 1
Laredo, TX 78041

Diann M. Bartek
1400 North McColl Road, Ste. 204
McAllen, TX 78501

AmeriPower, LLC
P.O. Box 16206
Sugar Land, TX 77496-6206

American Express Bank FSB
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

City Of Edinburg, SO TX ISD/College, etal
c/o Diane W. Sanders
Linebarger Goggan Blair & Sampson, LLP
PO BOX 17428
Austin, TX 78760-7428

Cooper Tire & Rubber Company
Johnson, Spalding, Doyle, West & Trent
T. Christopher Trent
919 Milam, Suite 1700
Houston Texas 77002-5378

Jose DeVaca
Sociallife
1300 N. 10th Street, Ste. 310
McAllen, TX 78501

DCFS USA LLC
P.O. Box 11509
Fort Worth, TX 76110-0509

Guerra & Moore, Ltd., LLP
4201 N. McColl Rd
McAllen, TX 78504-2524

Luis R. Zamora
Meridian Realty Group
1300 N. 10th Street, Ste. 330-F
McAllen, TX 78501

Hidalgo County
c/o John T. Banks
3301 Northland Drive, Ste. 505
Austin, TX 78731-4954

Howard S. Grossman PA
1098 N.W. Boca Raton Blvd
Boca Raton, FL 33432-2616

International Bank of Commerce
c/o Diann M. Bartek
Cox Smith MatthewsIncorporated
112 E. Pecan, Ste. 1800
San Antonio, TX 78205-1521

Lone Star National Bank
c/o Scott A. Walsh
4900-B N. 10th Street
McAllen, tx 78504-2781

MSTRCGHC
PO Box 33829
Detroit, MD  48230-5829

Jennine Hovell-Cox
6161 Savoy, Ste. 250
Houston, TX 77035

Valley Data Collection Specialist, Inc.
9120 N. 23rd Street
McAllen, Tx 78504-1684

Keith Livesay
Livesay Law Office
1122 Pecan
McAllen, TX 78501

Tony Villeda
by email

Peter Kelley

BAYVIEW LOAN & SERVICING LLC
4425 PONCE DE LEON BLVD 5TH FLOOR
CORAL GABLES FL 33146-1837

Bank of America, N.A.
Attn: Mr. M-BK
1000 Samoset Dr.
DE5-023-03-03
Newark, DE 19713-6000

Law Office of Peter Kelly
1005 Heights Blvd.
Houston, TX 77008

Bayview Loan Servicing, LLC
4425 Ponce DeLeon Blvd.
5th Floor
Coral Gables, FL 33146-1837

CAPITAL ONE BANK (USA), N.A.
C/O TSYS DEBT MANAGEMENT (TDM)
PO BOX 5155
NORCROSS, GA 30091-5155

CARDENAS AUTOPLEX
111 NORTH LOOP
HARLINGEN TX  78550

COX SMITH MATTHEWS INCORPORATED
DIANE M HARTEK ATTORNEY
112 E PECAN STREET #1800
SAN ANTONIO TX 78205-1521

Compass Bank, successor by merger to LNB
c/o Vicki M. Skaggs
Atlas & Hall, LLP
PO Box 3725
McAllen, TX 78502-3725

DCFS USA LLC
P.O. Box 685
Roanoke, Texas 76262-0685

Guerra & Moore Ltd, LLP
4201 N. McColl Rd
McAllen, Texas 78504-2524

Howard S. Grossman, P.A.
c/o Bobbie G. Bayless
Bayless & Stokes
2931 Ferndale
Houston, Texas 77098-1117

IBC-INLERNAL'L BANK COMMERCE
2011 N 10TH STREET
MCALLEN TX 78501-4152

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

LONE STAR NATIONAL BANK
206 W. FERGUSON ST
PHARR TX 78577-2404

ROMERO, GONZALEZ & BENAVIDES, LLP
612 Nolana, Suite 520
McAllen, Texas 78504-3098

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Rimkus Consulting Group, Inc
10003 Woodloch Forest Drive Ste 100
The Woodlands, TX 77380-1922

Texas Workforce Commission
Regulatory Integrity Division -SAU
Room 556
101 E. 15th Street
Austin, TX 78778-0001

US Trustee
606 N Carancahua
Corpus Christi, TX 78476-1702

Ellen C Stone
The Stone Law Firm, P.C.
62 E Price Rd
Brownsville, TX 78521-3508

Fernando Cortinas
Law Offices of Al Alvarez
4409 North McColl Road
McAllen, Tx 78504-2464

George Stone
62 E. Price Road
Brownsville, TX 78521-3508

Harlin C. Womble, Jr.
Jordan, Hyden, Womble, Culbreth & Holzer
500 N. Shoreline, Suite 900 N.
Corpus Christi, TX 78471-1009

Juan Rocha Jr
Law Office of Mark A Cantu
1300 N 10th
Ste 400
McAllen, TX 78501-4369

Marco A. and Roxanne Cantu
3106 Lakeshore Dr.
Edinburg, TX 78539-7745

Michael B Schmidt
555 N Carancahua Ste 1550
Corpus Christi, TX 78478-0026

Kathy Julia
Driscoll & Driscoll
2415 Park Circle
McAllen, TX 78502

Oscar Luis Cantu Jr
Law Offices of Oscar Cantu
3740 Colony Dr.
Ste 208
San Antonio, TX 78230-2233

Pankaj G. Shah
c/o William Abernethy
555 N. Carancahua, Suite 400
Corpus Christi, TX 78478-0004

Dale Kasofsky
Law Office of Mark Cantu
801 Nolana, Ste. 320
McAllen, TX 78504

EXHIBIT A



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
12/04/2009

| | | |
|---|---|---|
| IN RE: | § | |
| MARCO A. CANTU, *et al*, | § | Case No. 08-70260 |
| Debtor(s). | § | |
| | § | Chapter 7 |
| | § | |
| MARK A. CANTU, *et al*, | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | Adversary No. 09-07011 |
| | § | |
| TOMAS CORONA, | § | |
| Defendant(s). | § | Judge Isgur |

## ORDER APPROVING TRUSTEE'S FEES

On November 4, 2009, the Court issued an Order Granting in Part and Denying in Part Motion For Sanctions and Injunction ("Order") brought by Michael B. Schmidt, the chapter 7 trustee, against Debtor Mark A. Cantu. Doc. No. 28. In the Order, the Court awarded Trustee Schmidt his reasonable attorney's fees and costs for filing the motion against Mr. Cantu. Trustee Schmidt was further ordered to file a statement of his reasonable fees and costs not later than November 11, 2009. The Court's Order provided that Mr. Cantu could file a response to Trustee Schmidt's statement of his reasonable fees and costs not later than November 18, 2009.

On November 5, 2009, Trustee Schmidt filed a notice of attorney's fees and expenses in the amount of $2,345.00. Doc. No. 29. Mr. Cantu has not responded. Accordingly, this Court finds that Trustee Schmidt is entitled to attorney's fees and costs in the amount of $2,345.00.

The Court orders that Mark A. Cantu pay Michael B. Schmidt $2,345.00 in attorneys fees, with payment made not later than 15 days after entry of this order.

SIGNED **December 3, 2009.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

1 / 1



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
12/29/2009

| | | |
|---|---|---|
| IN RE: | § | |
| MARCO A. CANTU, *et al,* | § | Case No. 08-70260 |
| Debtor(s). | § | |
| | § | Chapter 7 |
| | § | |
| MARK A. CANTU, *et al,* | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | Adversary No. 09-07011 |
| | § | |
| TOMAS CORONA, | § | |
| Defendant(s). | § | Judge Isgur |

### ORDER

For the reasons set forth on the record on October 29, 2009 and in the Court's Order Granting in Part and Denying in Part Motion For Sanctions and Injunction (Doc. No. 28) issued on November 4, 2009, the Court awards Michael B. Schmidt legal fees and expenses in the amount of $6,781.61 (See Doc. No. 24).

The Court orders that Marco A. Cantu pay $6,781.61 to Michael B. Schmidt not later than 15 days after entry of this order.

SIGNED December 29, 2009.

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

1 / 1

 
IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

**ENTERED**
**03/31/2010**

| | | |
|---|---|---|
| IN RE: | § | JOINTLY ADMINISTERED |
| MARCO A. CANTU and | § | CASE NO. 08-70260-M-7 |
| ROXANNE CANTU and | § | CASE NO. 08-70261-M-7 |
| MAR-ROX, INC. | § | |
| Debtors | § | CHAPTER 7 |
| MARK A. CANTU, et al, | § | |
| Plaintiff | § | |
| V. | § | ADVERSARY NO. 09-07011 |
| | § | |
| TOMAS CANTU, et al, | § | |
| Defendant | | |

## ORDER GRANTING SANCTIONS

Came on for hearing the Trustee's 3rd Motion for Sanctions and to Compel Debtor to Cease and Desist Ongoing Interference with Sale of Estate Property and for Willful Violations of the Automatic Stay and the Court having given due regard and consideration to the pleadings, evidence and argument of Counsel finds that the Motion should be GRANTED.

The Court finds the Letter dated February 26, 2010 attached to the Trustee's Motion was forwarded to the Counsel for the Buyer of the Atrium Office Building, along with a copy to Southern Texas Title, willfully and intentionally in violation of the automatic stay and in violation of this Court's previous orders and is sanctionable conduct.

The Court finds further that unless Cantu receives significant sanctions that he will in all likelihood continue to violate this Court's orders and continue to interfere with the administration of this Bankruptcy Estate(s).

Therefore, the Court hereby ORDERS Mark A. Cantu to cease and desist all interference with the administration of this Bankruptcy Estate(s) and is hereby SANCTIONED as follows:

    a.     Cantu is ORDERED to issue an appropriate retraction of his "interference letter" regarding sale of the estate properties within three (3) days of entry of this order. If he has not done as so ordered by that time, then a sanction of $ 1,000 per day is hereby entered against Cantu (without further order of this Court) until he purges himself of this sanction by complying and issuing the retraction. The Court finds that Cantu's latest conduct in issuing this "interference letter" is a willful violation of the automatic stay and is also monetarily-sanctionable conduct in contempt of court for violating the previous orders of this Court. Therefore, Cantu is hereby further monetarily sanctioned for this willful violation and contempt of court and ORDERED pay to the Trustee $ 4,000.00 within 15 days of entry of this Order.

b.    Cantu is further sanctioned and ORDERED to pay the Trustee's attorneys fees in the amount of $ 1,500.00 for having to bring *this* matter;

c.    Cantu is in contempt of Court for failing to pay the Trustee the previously-ordered sanctioned attorneys fees in the amount of $ 2,345.00 (doc. # 35) and $6,781.61 (doc.# 39) and, as such, Cantu is further monetarily sanctioned and ORDERED to pay the Trustee $ 250.00 per day until he purges himself of all sanctions and they are paid in full, all collectable from his exempt property .

It is further ORDERED that all of Cantu's exempt assets (including his homestead) are subject to attachment, execution and sale to satisfy all sanctions against him covered by this order.

The Court finds further that an injunction in necessary to protect estate assets and prevent Cantu's frivolous and disruptive conduct.  Therefore, it is further ORDERED that CANTU IS HEREBY ENJOINED from engaging in conduct aimed at thwarting or interfering with the Sale of the Atrium or any other court-approved estate property sales (except by appeal or appropriate motions for reconsideration).  It is further ORDERED that the Trustee, the buyer (their officers and directors) buyer's lender, and the title company may not be sued for actions taken pursuant to the orders authorizing the sale of estate property.

It is so ORDERED.

Signed: March 31, 2010

Marvin Isgur
Chief United States Bankruptcy Judge

7

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
07/15/2010

| | | |
|---|---|---|
| IN RE: | § | JOINTLY ADMINISTERED |
| MARCO A. CANTU and | § | CASE NO. 08-70260-M-7 |
| ROXANNE CANTU and | § | CASE NO. 08-70261-M-7 |
| MAR-ROX, INC. | § | |
| Debtors | § | CHAPTER 7 |
| MARK A. CANTU, et al, | § | |
| Plaintiff | § | |
| V. | § | ADVERSARY NO. 09-07011 |
| | § | |
| TOMAS CANTU, et al, | § | |
| Defendant | | |

## ORDER VACATING ORDER FOR SANCTIONS [Doc. #42]

Came on for hearing the Trustee's Motion to Withdraw Motion to Abate [Doc #43] and to

DENIED, in part. A portion of the sanctions imposed by the Court were for the purposes of compensating the estate for actual out of pocket costs and legal fees. The motion sets forth no basis on which the estate should bear those costs. Accordingly, although the Court will vacate the coercive sanctions against Cantu, the Court will not vacate the compensatory sanctions. A revised form of order may be submitted; provided that the revised order must set forth a reasonable and certain date by which the compensatory sanctions will be paid.

Signed: July 15, 2010

Marvin Isgur
Chief United States Bankruptcy Judge

3

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | JOINTLY ADMINISTERED |
| MARCO A. CANTU and | § | CASE NO.  08-70260-M-7 |
| ROXANNE CANTU and | § | CASE NO.  08-70261-M-7 |
| MAR-ROX, INC. | § | |
| Debtors | § | CHAPTER 7 |

## ORDER GRANTING MOTION FOR TURNOVER

Came on for hearing the Trustee's Motion for Turrnover of Debtor's Portion of Fees From Settlement Proceeds to Satisfy Unpaid Sanction Order against Debtor Mark Cantu and the Court having given due regard and consideration to the pleadings, evidence and argument of Counsel finds that the Motion should be GRANTED.

The Court finds that Debtor Mark Cantu has done nothing to satisfy the Court Ordered sanctions owed to the Trustee in the amount of $10,626.61 (arising out of Adversary 09-7011) and that those sanctions remain outstanding.  The Court further finds that Debtor Mark Cantu has an attorney fee interest in a significant personal injury case out of Webb County, Texas, *Guerra, et al*, v. *Ramirez, et al,* 341st Judicial Court District Court, Cause No.2010CUE-000680-03 and that it is in the best interest of the estate an its creditors to order turnover by Cantu of that portion of the settlement proceeds from that case attributable to Cantu's fees in order to satisfy the $10,626.61 in Court-ordered sanctions owed to the Trustee.

Therefore, the Court ORDERS Cantu to turnover that portion of the settlement proceeds from that case attributable to Cantu's fees in order to satisfy the $10,626.61 in Court-ordered sanctions owed to the Trustee.  By entry of this Order, the Court also authorized the Trusts to utilize this Order to interplead in the Webb County State Court to secure turnover of the funds.

It is so ORDERED.

DATE:


_____
Honorable Richard Schmidt
United States Bankruptcy Judge

4